UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 323: ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO EXCLUDE EXPERT LOVECCHIO AND MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 19041 |
| *Glassman v. Monsanto Co.*, Case No. 3:20-cv-00024-VC | |
| *Iona v. Monsanto Co.*, Case No. 3:20-cv-02404-VC | |
| *Berenfeld v. Monsanto Co.*, Case No. 3:18-cv-01428-VC | |
| *Proctor v. Monsanto Co.*, Case No. 3:21-cv-00172-VC | |
| *Belfleur v. Monsanto Co.*, Case No. 3:20-cv-00621-VC | |
| *Thompson v. Monsanto Co.*, Case No. 3:20-cv-08851-VC | |
| *Holmes v. Monsanto Co.*, Case No. 3:20-cv-03363-VC | |

Monsanto's motion to exclude the testimony of Dr. Frank LoVecchio is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358

F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

I

In their opposition, the plaintiffs state they "no longer seek to offer LoVecchio's general causation opinions in any of the underlying seven (7) cases." Dkt. No. 19428 at 2, n.1.

II

1. Monsanto argues that LoVecchio's "ruling in" process was flawed in every case because he does not offer an admissible general causation opinion or a reliable exposure analysis. As Monsanto acknowledges, the Court has ruled on similar arguments in prior orders. *See* Pretrial Order No. 290 (Dkt. No. 18320). LoVecchio appropriately relies on the admissible general causation opinions of other experts, and his exposure calculations are similar to those approved in PTO 290. Accordingly, LoVecchio's "ruling in" process does not merit the exclusion of his opinion.

2. LoVecchio's opinion in the *Iona* case is excluded because he was not able to reliably rule out Iona's brother's polycythemia vera. Iona does not seem to contest that polycythemia vera is a type of chronic leukemia, and that a first-degree relative with leukemia is a risk factor for NHL. Instead, she makes a narrow argument that LoVecchio accurately testified "that he knows of no paper or article that draws any convincing link of a family history of PV and an increased risk of developing NHL," implying that even if a family history of hematological cancers in general is a risk factor, the same can't be said for PV, specifically. Opp. (Dkt. No. 19428) at 16. But LoVecchio didn't say he isn't convinced of the link between PV and NHL, he just said he wasn't familiar with the research. *See* LoVecchio Dep. (Iona) (Dkt. No. 19428-4) at 281:25–282:3 ("I'm not familiar with any limit -- I'm not familiar with a paper that convincingly says that it's an increased risk. I have to do a deeper dive, though."). LoVecchio's willful blindness to a risk factor he should have investigated doesn't help him. Monsanto has presented sufficient evidence that LoVecchio should have considered Iona's family history of leukemia—

that he didn't renders his opinion unreliable.[1]

3. Monsanto's motion in the *Berenfeld* case is denied. As in *Iona,* LoVecchio conducted a sloppy review of the medical records and did not seem to know about relevant aspects of the plaintiff's family history, including Berenfeld's mother's mycosis fungiodes, a type of NHL. At deposition, one response LoVecchio offered was that mycosis fungiodes is associated with mutations that didn't appear in Berenfeld's genetic testing. *See* LoVecchio Dep. (*Berenfeld*) (Dkt. No. 19428-6) at 59:4–60:10. The Court is not in a position to know whether this explanation is scientifically sound, but Monsanto doesn't challenge it in its motion (or on reply, despite *Berenfeld* discussing it at some length in the opposition), so it is not a basis for excluding the opinion. LoVecchio also gave reasonable explanations for how he ruled out race and Berenfeld's medical history. *See* LoVecchio Dep. (*Berenfeld*) at 42:4–20 (race); *id.* at 96:13–100:6 (Hashimoto's thyroiditis); *id.* at 74:3–16 (lupus); *id.* at 115:10–116:9 (mononucleosis).

4. Monsanto's motion in the *Proctor* case is also denied. For each of the risk factors Monsanto identifies in its motion, LoVecchio's testimony is essentially that although they are risk factors, their effects are not significant and can be excluded. For example, Proctor's sister's breast cancer may have played some role in Proctor's NHL, but it was "unlikely to play a significant role." LoVecchio Dep. (*Proctor*) (Dkt. No. 19041-6) at 124:14–22. The same is true for his discussion of age, sex, and race. *See id.* at 94:5–15. For Proctor's eczema and melanoma, LoVecchio testified that they were both mild and, in the case of the melanoma, treated, which put him at lower risk. *See id.* at 133:22–25, 143:6–21. Taken as a whole, LoVecchio's testimony shows he sufficiently considered Proctor's individual risk factors.

5. LoVecchio's opinion is excluded in *Thompson* because he failed to reliably rule out the plaintiff's smoking history. The portion of LoVecchio's report that covers smoking and NHL seems to analyze a different person's smoking history—someone named Mr. Gorman, who had

---

[1] LoVecchio also appears to have significantly downplayed Iona's smoking history in a results-driven fashion. This may well be a separate ground for exclusion, but in any event it renders his overall opinion even less reliable.

MALT lymphoma. *See* LoVecchio Report (*Thompson*) (Dkt. No. 19428-9) at 29. LoVecchio's report concludes there is no known association between smoking and MALT lymphoma, so rules out Mr. Gorman's smoking. *Id.* At deposition, LoVecchio admitted that section was "carried over from another report." LoVecchio Dep. (*Thompson*) (Dkt. No. 19041-8) at 112:3–5. That mistake wouldn't necessarily have resulted in LoVecchio's exclusion if he had been able to satisfactorily explain how that analysis would apply to Thompson. But his explanation came up short, especially about the Schollkopf study, which found a possible association between smoking and Thompson's subtype (T-cell lymphoma). *See id.* at 113:13–19.

6. Monsanto's arguments in *Belfleur* are similar to those it made in *Proctor*, and that portion of the motion is denied for similar reasons. LoVecchio testified that for all three factors Monsanto targets (age, sex, and diabetes), the resulting increase in risk is fairly small and can be reasonably excluded. *See* LoVecchio Dep. (*Belfleur*) (Dkt. No. 19041-2) at 145:8–17 (age, sex), 156:2–7 (diabetes).

7. In *Glassman*, Monsanto's arguments about age and gender are rejected for the same reasons as they were in *Proctor and Belfleur*: LoVecchio testified the increase in risk is small enough that it could be excluded. *See* LoVecchio Dep. (*Glassman*) (Dkt. No. 19041-3) at 15:24–16:1 (age), 16:10 (sex). Regarding weight as a risk factor, LoVecchio accurately testified that Glassman was overweight, but not obese. *See id.* at 18:6–8. His explanation that Glassman's weight did not put him at increased risk for NHL because his BMI was "just barely" into the overweight category is reasonable. *Id.* at 21:4–11.

8. In *Holmes*, LoVecchio's report shows that he considered Holmes' weight and smoking history in forming his opinion. LoVecchio noted in his report that Holmes had relatively few periods of obesity in his life, which would not contribute substantially to his risk for NHL. *See* LoVecchio Report (*Holmes*) (Dkt. No. 19428-15) at 32–37. His deposition testimony was consistent on that point. *See* LoVecchio Dep. (*Holmes*) (Dkt. No. 19428-16) at 50:4–19. On smoking, Monsanto pointed out at deposition that LoVecchio reported two different pack-year estimates: one was 3 pack-years (based on his interview with Holmes), and one was a little under

4

20-pack years (based on two medical records). *See id.* at 56:18–58:5. LoVecchio said he adopted the 3 pack-year estimate because the medical records were inconsistent, with some saying 20 pack-years and some saying he never smoked, and he thought Holmes would have no reason to lie to him. *See id.* LoVecchio admitted that if Holmes had smoked 20 pack-years, that "could have some bearing" on his development of NHL. *Id.* at 59:4–5. But LoVecchio also pointed out that the literature was mixed on that point. *Id.* at 58:6–20. Combined with his thin-but-plausible explanation for why he believed his interview with Holmes was a more accurate estimate of Holmes' smoking history, his opinion on smoking does not require his exclusion. *See id.* at 56:25–57:22. Nor does his discussion of age or sex. *See id.* at 47:10–48:6 (sex), 45:13–46:11 (age).

9. Monsanto did not adequately explore the issue of naturally occurring genetic mutations with LoVecchio (or at least it didn't show in its motion that it did so). *See* LoVecchio Dep. (*Belfleur*) (Dkt. No. 19041-2) at 160:11–16. Moreover, the failure to rule out naturally occurring genetic mutations will generally not warrant exclusion of a specific causation expert if that expert presents an admissible opinion that Roundup was the cause of the plaintiff's NHL. *See* Pretrial Order No. 321 (Dkt. No. 20393). Therefore, that portion of Monsanto's motion is denied.

**IT IS SO ORDERED**

Dated: March 28, 2025

_____
VINCE CHHABRIA
United States District Judge